Joseph C. Boyer and Eulabel Boyer v. Commissioner.
Boyer v. Commissioner
Docket No. 50342.
United States Tax Court
T.C. Memo 1955-105; 1955 Tax Ct. Memo LEXIS 234; 14 T.C.M. (CCH) 350; T.C.M. (RIA) 55105; April 27, 1955
Lucien L. Dunbar, Esq., for the petitioners. John L. Carey, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax of $14,953.56 and $104.82 for the years 1945 and 1948, respectively. The primary issue for decision is whether certain stock became worthless before January 1, 1942, as determined by the Commissioner or in some later year as contended for by the taxpayer. If this issue should be decided for the Commissioner, the taxpayer makes an alternative contention that at least he suffered a capital loss to the extent of $5,200 in 1944 and is therefore entitled to a loss carry-over to the taxable years. Other conceded adjustments can be reflected in a Rule 50 computation. Findings *235 of Fact Part of the facts are stipulated, are so found and the stipulation and attached exhibits are included herein by reference. Joseph C. Boyer (hereafter called taxpayer) and Eulabel Boyer were husband and wife in the taxable years. They have since been divorced. Taxpayer filed individual income tax returns for the years 1945, 1946 and 1947. A joint return was filed for 1948. The returns were filed with the then collector of internal revenue for the district of Indiana. On or about August 5, 1935, taxpayer purchased from Henry W. Dennis on an installment basis 378, or all but 2 shares of common stock of Vossler & Dennis Trucking Company, Inc., (hereafter called Vossler) for the sum of $30,000. In 1935 taxpayer made payments on the purchase price totalling $17,000 and executed a note in the amount of $13,000 for the balance. From 1935 to 1939, inclusive taxpayer paid $7,800 on the principal of the note and in 1944 paid off the balance due amounting to $5,200. Taxpayer was president of Vossler. In 1938 Vossler experienced financial and labor trouble because of which taxpayer filed a "Complaint for Receiver" in the Superior Court of Marion County, Indiana, and a receiver was *236 appointed. On March 3, 1939, Vossler was "in the red" to the extent of $1,383.88 but the receiver hoped that if the weather improved operations would become favorable. The receiver was unable to operate the business at a profit and filed a petition with the court for an order to sell the assets on April 21, 1939, which was approved by the court. An inventory and appraisal filed in the receivership on that date reflected a total appraised value of $5,083.51. On May 18, 1939, the receiver offered all the assets and property belonging to his trust, except accounts receivable, at public auction. He received numerous offers for the property, but none of the offers was satisfactory. Subsequent thereto, an offer of $4,000 was received for the assets of the corporation. On June 20, 1939, he therefore asked that the court direct him to make the sale of all the physical assets and choses in action belonging to the trust, except accounts receivable, for the sum of $4,000 in cash. On June 20, 1939, substantially all of the assets of Vossler were sold for $4,000. The receiver filed a report showing receipts of $14,040.43 from January 1, 1939 to April 3, 1942, and expenditures of $11,257.83, *237 and showing a balance of cash on hand of $1,398.62. Prior to this time the court had allowed, although yet unpaid, the following claims: J. Harvey Snyder - Note
$ 550.00
Ira Strohm - Loan to receiver
75.00
Burnett A. Strohm - Loan to receiver
75.00
Joe Boyer - For services rendered to
receivership
742.50
Total
$1,442.50 The following claims likewise had been filed prior to April 6, 1942: Personal Property Taxes - Amount not shown
Collector of Internal Revenue
$1,312.09
State Gross Income Tax Division
746.90
Ind. Employment Security Division
763.53
John Brown, Auditor
150.00
Total
$2,972.52
On December 18, 1942, taxpayer filed objections to the receiver's amended final report, objecting principally that the receiver was accountable for $2,782.50 instead of $1,398.62. Several other objectors, including the United States, also filed objections, the nature of which is not disclosed of record. On May 10, 1945, the receiver filed an "Amended Detailed Supplement to Receiver's Amended Final Report," in which he listed, in detail, the receipts of $21,577.46, and disbursements of $20,178.84, during the period July 14, 1938 to January 1, 1943, the *238 balance on hand being $1,398.62. On December 28, 1946, the Superior Court of Marion County entered an order entitled "Entry on Receiver's Amended Detailed Final Report," in which it ordered distribution of the $1,398.62 on a pro rata basis to the various preferred creditors and the termination of the receivership. On page 4 of his 1945 income tax return taxpayer claimed as an ordinary "loss on worthless stock" the sum of $29,895.93. The Commissioner disallowed this deduction and in the statement accompanying the deficiency notice explained: "(a) It is determined that the capital stock of the Vossler-Dennis Trucking Company, Inc., became worthless prior to January 1, 1942. It is accordingly determined that you are not entitled to the claimed deduction on your income tax return for the taxable year 1945 with respect to said stock under Section 23(g) of the Internal Revenue Code and said claimed deduction of $29,895.93 in said year is, therefore, disallowed." Opinion The Commissioner's determination that the Vossler stock became worthless prior to January 1, 1942, is prima facie correct and the burden is on the taxpayer to prove otherwise. This burden has *239 not been carried. Vossler was "out of business" by 1942. It was in receivership and virtually all of its assets had been sold. Claims had been filed, some of which had already been approved, which, without much question, would destroy any equity for stockholders. This is not a case where the corporation was continuing to operate and where, despite the receivership, there was a reasonable hope or expectation of a working out for stockholders. We think that by January 1, 1942, the value of the Vossler stock held by taxpayer "had become finally extinct" and hold that the Commissioner's determination in this respect was correct. Sterling Morton, 38 B.T.A. 1270. Taxpayer's alternative contention that he suffered a capital loss in 1944 to the extent of $5,200 based on his payment in that year of the balance of the purchase money note given for the Vossler stock, for some reason not apparent to us, has been ignored by the Commissioner in his brief. Nevertheless, we think the contention has merit. This portion of taxpayer's loss could not have been taken earlier. Price v. Helvering, 309 U.S. 409; Estate of Thomas Spruance, 43 B.T.A. 221 and must be *240 taken in the year when payment is made. W. P. Tams, Jr. v. United States, 33 Fed. Supp. 764. Though no deficiency was determined for 1944 that year is before us for the purpose of determining whether taxpayer may be entitled to a capital loss carry-over to years which are before us. Cf. Ernest J. Keefe, 15 T.C. 947. The effect of the 1944 loss in this respect can be adjusted in the Rule 50 computation. Decision will be entered under Rule 50.